CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 18, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TERRY A. RIGGLEMAN,** | )<br>) |
| **Plaintiff,** | ) Civil Action No. 7:22cv00018<br>) |
| | ) **ORDER** |
| v. | )<br>) By: Norman K. Moon |
| **KYLE SMITH, M.D.,** | ) United States District Judge<br>) |
| **Defendant.** | )<br>) |

On September 3, 2024, the court issued an opinion and order in this matter granting summary judgment to defendant Kyle Smith, M.D.. Dkt. 80, 81. Before the court is a motion for reconsideration filed by the *pro se* plaintiff, Terry A. Riggleman, Dkt. 82, which the court construes as a motion to alter or amend the judgment because it was filed within 28 days of the entry of judgment. *See* Fed. R. Civ. P. 59(e).

Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). A party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). In other words, a motion under Rule 59(e) is not authorized to "enable a party to complete presenting his case after the court has ruled against him." *Cochrane v. Warden*, Civil Action No. ELH-23-171, 2024 WL 112031, at *3 (D. Md. Jan. 10, 2024) (citing *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996)). "Mere disagreement [with a

court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Reconsideration of a judgment after its entry is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

Plaintiff's claim against Dr. Smith in this action relates to the treatment plaintiff received for his Hepatitis C when he was incarcerated at the Augusta Correctional Center (ACC). The court held that "Dr. Smith was not deliberately indifferent to Riggleman's medical needs. Instead, the medical records show that when Dr. Smith was involved with plaintiff's care and treatment, he examined plaintiff, reviewed and ordered diagnostic studies, consulted with outside providers as necessary, tracked the progress of plaintiff's treatment, and addressed plaintiff's complaints in a timely manner." Dkt. 80 at 10. As part of its analysis, the court found that "Dr. Smith did not become involved with plaintiff's Hepatitis C treatment until August 2019." Dkt. 80 at 10. Plaintiff disagrees with this finding, arguing that "real-time medical records" show that "Dr. Smith himself claimed he was Plaintiff's Hep C clinician" in 2018, Dkt. 82 at 1.

First, plaintiff's disagreement with the court's finding and analysis is not a proper basis for relief under Rule 59(e). Second, the court's finding was based on Dr. Smith's declaration, stating that he would review Riggleman's labs if they came across his desk, but he did not become the main physician overseeing plaintiff's care until August 2019. *See* Smith Decl. ¶¶ 17–18, Dkt. 60-1. Thus, plaintiff is incorrect in stating that Dr. Smith "claimed" to be his clinician in 2018. Third, even if there is a genuine dispute of fact as to whether Dr. Smith was responsible for plaintiff's treatment starting in 2018, Dr. Smith is still entitled to summary judgment for several reasons, including that plaintiff's studies "were all consistent with low risk for hepatic disease in 2018." Dkt. 80 at 10.

For these reasons, it is hereby ORDERED that plaintiff's motion for reconsideration, Dkt. 82, is DENIED. The Clerk is directed to transmit a copy of this order to plaintiff and to all counsel of record.

**ENTER:** This 18th day of October, 2024.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE